LTL ATTORNEYS LLP
Dat Nguyen (Bar No. 280755)
dat.nguyen@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: 213-612-8900
Fax: 213-612-3773

DUNHAM IP LAW LLC
Tyler Dunham (*Pro Hac Vice* Pending)
(Ohio Bar No. 83897)
tdunham@dunhamiplaw.com
P.O. Box 566
Dublin, OH  43017-9998
Tel: 614-902-3913
Fax: 614-907-4155

*Attorneys for Defendant*
*DREAMBUILDER TOY, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE, LLC, a California Limited Liability Company,<br><br>      Plaintiff,<br><br>      v.<br><br>DREAMBUILDER TOY, LLC an Ohio Limited Liability Company; and DOES 1-10, inclusive,<br><br>      Defendants. | Case No. 2:21-cv-9324-JWH-JPR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   March 18, 2022<br>Time:  9:00 AM<br>Ctrm:   2<br>Judge: Hon. John W. Holcomb |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 18, 2022, at 9:00 a.m., or as soon thereafter as may be heard, in Courtroom 2, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, before the Hon. John W. Holcomb, Defendant Dreambuilder Toy, LLC ("Dreambuilder") will and hereby does move the Court for an order dismissing Plaintiff Laltitude, LLC's ("Plaintiff" or "Laltitude") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on the grounds that (i) the improper general venue statue has been pled, and (ii) the proper patent venue statute cannot be satisfied. Specifically:

- Plaintiff's Complaint improperly asserts that venue is proper based on the general venue statute 28 U.S.C. §§ 1391(b) and (c). The Supreme Court has made clear that venue for patent cases is controlled by the patent venue statute 28 U.S.C. §1400(b), and not the general venue statute 28 U.S.C. § 1391(b) and (c). *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514 (2017).

- Plaintiff's patent infringement claims should be dismissed because, even if pled properly, venue for these claims is not proper in the Central District of California. Under 28 U.S.C. §1400(b), venue is only proper where the defendant resides or has a regular and established place of business in the jurisdiction. Dreambuilder is an Ohio limited liability company with all operations based in Ohio. Dreambuilder does not have "a regular and established place of business" in this District because it does not have any offices, property, lease for any property, or employees in this District. Accordingly, dismissal is appropriate as no facts support proper venue in this jurisdiction.

- Plaintiff's unfair competition claim should also be dismissed because this claim is ancillary to the patent infringement claim, which cannot be heard due to improper venue.  Plaintiff's only allegation of unfair competition is based on patent infringement, so the alleged infringement of the patents must be determined by the Court in order to proceed with Plaintiff's claim of unfair competition.  Prior courts in this jurisdiction have refused to separate such claims and also refused to apply the pendant venue doctrine to save such claims from dismissal.  *See California Expanded Metal Prod. Co. v. Klein*, No. CV 18-242 DDP (MRWx), 2018 WL 2041955, at *2 (C.D. Cal. Apr. 30, 2018).

This motion is made based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declarations of Kai Liu and Tyler Dunham, Esq. in support of the motion, and exhibits, all records and papers on file in this action, and any evidence or oral argument offered at any hearing on this motion.

Pursuant to L.R. 7-3, Dreambuilder's counsel, Tyler Dunham, made extensive attempts to hold telephonic conferences with Plaintiff's counsel after the Complaint was served on January 15, 2022, beginning with a general request to discuss the case on January 18, 2022, followed by a specific request to discuss an extension of time to file a response to the Complaint on January 26, 2022, and finally a series of specific requests to meet and confer and to discuss this motion to dismiss on January 29, January 30, January 31, and February 2, 2022.  All attempts for discussion were unanswered or denied by Plaintiff's counsel.  *See* Declaration of Tyler Dunham at ¶¶ 2-12.  Dreambuilder believes that it has satisfied its obligations to meet and confer pursuant to L.R. 7-3.

| | | |
|---|---|---|
| 1 | DATED: February 7, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | LTL ATTORNEYS LLP |
| 4 | | |
| 5 | | By   /s/ *Dat Nguyen* |
| 6 | | Dat Nguyen |
| 7 | | LTL ATTORNEYS LLP |
| | | Dat Nguyen (Bar No. 280755) |
| 8 | | dat.nguyen@ltlattorneys.com |
| 9 | | 300 South Grand Ave., 14th Floor |
| | | Los Angeles, CA 90071 |
| 10 | | Tel:  213-612-8900 |
| 11 | | Fax:  213-612-3773 |
| 12 | | |
| | | DUNHAM IPLAW |
| 13 | | Tyler Dunham (*Pro Hac Vice* Pending) |
| 14 | | (Ohio Bar No. 83897) |
| | | tdunham@dunhamiplaw.com |
| 15 | | P.O. Box 566 |
| 16 | | Dublin, OH  43017-9998 |
| | | Tel: 614-902-3913 |
| 17 | | Fax: 614-907-4155 |
| 18 | | |
| | | *Attorneys for Defendant* |
| 19 | | DREAMBUILDER TOY, LLC |

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   PROCEDURAL BACKGROUND ..................................................................... 2

    A.   Laltitude's Complaint ............................................................................. 2

    B.   Dreambuilder's Business Operations ..................................................... 2

III.  LEGAL STANDARD ........................................................................................ 2

IV.  ARGUMENT ..................................................................................................... 3

    A.   Plaintiff's Complaint Pleads the Wrong Venue Statute ......................... 3

    B.   Venue in this District Is Improper Based on the Patent Venue Statute .. 4

        1.   Dreambuilder Does Not Reside in this District Because It is a Limited Liability Company Registered in Ohio ........................... 4

        2.   Dreambuilder Does Not Have a "Regular and Established Place of Business" in this District ....................................................... 4

    C.   Plaintiff's Unfair Competition Claim Should be Dismissed for Lack of Venue ...................................................................................................... 5

V.   CONCLUSION .................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*California Expanded Metal Prod. Co. v. Klein*
  2018 WL 2041955 (C.D. Cal. Apr. 30, 2018) ................................................... 2, 6

*Doe 1 v. AOL LLC*,
  552 F.3d 1077 (9th Cir. 2009) ................................................................................ 2

*Fox Factory, Inc. v. SRAM, LLC*,
  2018 WL 317839 (N.D. Cal. Jan. 8, 2018) ............................................................. 5

*In re Cray Inc.*
  871 F.3d 1355 (Fed. Cir. 2017) ..................................................................... 3, 4, 5

*Inhale, Inc. v. Gravitron, LLC*,
  2018 WL 5880192 (C.D. Cal. Sept. 5, 2018) ......................................................... 5

*King v. Russell*,
  963 F.2d 1301 (9th Cir. 1992) ................................................................................ 3

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491 (9th Cir. 1979) .................................................................................. 2

*Reflection, LLC v. Spire Collective LLC*,
  2018 WL 310184 (S.D. Cal. Jan. 5, 2018) .............................................................. 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ................................................................................... 1, 3, 4

**Statutes**

28 U.S.C. § 1391(b) and (c) ......................................................................................... 1, 3

28 U.S.C. §1400(b) .................................................................................................. 1, 3, 4

28 U.S.C. § 1406(a) .......................................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 12(b)(3) ............................................................... 1, 2, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant Dreambuilder Toy, LLC ("Dreambuilder") respectfully moves to dismiss the Complaint filed by Plaintiff Laltitude LLC ("Laltitude" or "Plaintiff") for improper venue.

## I.  INTRODUCTION

Laltitude brings this action for alleged patent infringement. The Patent Venue Statute provides that venue of a patent infringement action is only proper in a judicial district: (1) "where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Furthermore, the Supreme Court has made clear that in a patent infringement case, the *specific* requirements of the patent venue statute, 28 U.S.C. § 1400(b), govern, not the *general* venue statue, 28 U.S.C. § 1391(c). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1520-1521 (2017).

Dismissal of the Complaint is mandated here because Laltitude does not—and cannot—allege that venue is proper in this District over Dreambuilder under either prong of the patent venue statute.[1] First, Dreambuilder does not "reside" in this District because it is headquartered and is a limited liability company registered in Ohio. Second, Dreambuilder does not have "a regular and established place of business" in this District because it does have any offices, property, lease for any property, or employees in this District. Accordingly, the Complaint contains no bases to maintain this action in this District against Dreambuilder. Instead, the Complaint only asserts that venue is proper over Dreambuilder based on 28 U.S.C. § 1391(b) and (c) for alleged "substantial injury" in this District. This is the wrong venue statute.

For these reasons, the Court should dismiss Laltitude's Complaint against

---

[1] While this Motion primarily focuses on the lack of proper venue, Dreambuilder is not abandoning its arguments regarding the numerous other deficiencies (such as personal jurisdiction and failure to state a claim). Laltitude also asserts an ancillary state law unfair competition claim based on alleged patent infringement, but this claim should also be dismissed for reasons discussed below.

| CASE NO. Case No. 2:21-cv-9324-JWH-JPR | -1- | DEFENDANT DREAMBUILDER'S MOTION TO DISMISS |

Dreambuilder for improper venue.

## II.     PROCEDURAL BACKGROUND

### A.     Laltitude's Complaint

On December 1, 2021, Laltitude filed this action for alleged infringement of U.S. Patent Nos. D784,938 and D789,312 for the sale of magnetic toys by Dreambuilder. *See, e.g.,* Complaint at ¶¶ 1, 12-32 (Dkt. No. 1). Laltitude also alleges an unfair competition claim based on alleged patent infringement. *See id.* at ¶¶ 33-38. With respect to venue, Laltitude's only allegation is as follows:

> Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) in that a substantial injury occurred and continues to occur in this District, a substantial part of the subject property is located here, Defendants' conduct has been directed into this District, and a substantial portion of the events that are the subject of this action took place in this District.

*Id.* at 11.

The Complaint was served on January 15, 2022. Dkt. No. 16. Dreambuilder has made no response to the Complaint before this motion.

### B.     Dreambuilder's Business Operations

Dreambuilder is an Ohio limited liability company and does not maintain a place of business anywhere in California. *See* Declaration of Kai Liu ("Liu Decl.") at ¶¶ 2-5. All of Dreambuilder's operations are based in Ohio. Liu Decl. at ¶¶ 2-3. Dreambuilder does not have any offices, property, lease for any property, or employees in the Central District of California. Liu Decl. at ¶ 5.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) provides for dismissal of an action for "improper venue." Fed. R. Civ. P. 12(b)(3). In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Once venue is challenged, a plaintiff bears the burden of showing that venue is proper. *Piedmont*

*Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  If venue is improper, the court "shall dismiss" the case.  28 U.S.C. § 1406(a); *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).  The decision to dismiss for improper venue is a matter within the sound discretion of the district court.  *See King* at 1304.

Venue for a claim of patent infringement is governed by the patent venue statute, which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Thus, patent infringement cases are only permitted in a jurisdiction where (1) the defendant resides; or (2) where the defendant has committed acts of infringement and has a "regular and established place of business."  *Id*.

The Supreme Court has made clear that in a patent infringement case, the *specific* requirements of the patent venue statute, 28 U.S.C. § 1400(b), govern, not the *general* venue statue, 28 U.S.C. § 1391(c).  *See TC Heartland LLC*, 137 S.Ct. at 1520-1521.  The Court also held that, when determining proper venue under 28 U.S.C. § 1400(b), a domestic corporation "resides" only in its state of incorporation.  *Id*.  Further, having a "regular and established place of business" requires that: (1) there is a physical place in the district; (2) it is a regular and established place of business; and (3) it is the place of the defendant.  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

**IV.    ARGUMENT**

    **A.    Plaintiff's Complaint Pleads the Wrong Venue Statute**

Plaintiff alleges infringement of U.S. Patent Nos. D784,938 and D789,312.  *See, e.g.,* Complaint at ¶¶ 1, 12-32 (Dkt. No. 1).  In a patent infringement case, the patent venue statute, 28 U.S.C. § 1400(b), applies, and not the general venue statute.  *See TC Heartland LLC*, 137 S.Ct. at 1520-1521.  However, Plaintiff's Complaint improperly pleads just the general venue statute U.S.C. §§ 1391(b) and (c).  *See* Complaint at ¶ 11.  This alone warrants dismissal.

### B. Venue in this District Is Improper Based on the Patent Venue Statute

Plaintiff's Complaint fails to plead the correct venue statute because it cannot. Dreambuilder does not satisfy the requirements of the patent venue statute, 28 U.S.C. § 1400(b), because (1) it does not reside in this District; and (2) it does not have a "regular and established place of business" in this District.

#### 1. Dreambuilder Does Not Reside in this District Because It is a Limited Liability Company Registered in Ohio

Venue is not proper as to Dreambuilder under the first prong of the Patent Venue Statute—"the judicial district where the defendant resides." 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1521.

Here, Plaintiff's Complaint does not assert that Dreambuilder resides in this District. In fact, Plaintiff concedes that Dreambuilder is an Ohio limited liability company. *See* Complaint, Dkt. 1, at ¶ 5; *see also* Liu Decl. at ¶ 3. Accordingly, under *TC Heartland*, Dreambuilder does not reside in this District. Thus, venue is not proper in this District under the first prong of the patent venue statute.

#### 2. Dreambuilder Does Not Have a "Regular and Established Place of Business" in this District

Venue is also not proper as to Dreambuilder under the second prong of the patent venue statute—"the judicial district … where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). With respect to whether a defendant has a "regular and established place of business in a judicial district," there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under §1400(b)." *In re Cray Inc.*, 871 F.3d at 1360.

Here, Plaintiff does not allege that Dreambuilder has offices, any property, lease for any property, or employees in the Central District of California. Plaintiff cannot do so because none exist. *See* Liu Decl., ¶ 5. Indeed, Plaintiff alleges that Dreambuilder's principle place of business is in Dublin, Ohio. Complaint at ¶ 5; *see also* Liu Decl., ¶ 3.

Instead, Plaintiff's only assertion as to any activity in California is based on the following allegation: "In particular, on multiple occasions, Defendants have sold products to customers within the State of California on Amazon's online platform (www.amazon.com)." Complaint at ¶ 9. But under *In re Cray*, 871 F.3d at 1360 this is insufficient to establish that Dreambuilder has a "regular and established place of business in a judicial district," and regardless, any place of business "must be the place of the defendant." *See, e.g., Inhale, Inc. v. Gravitron, LLC*, No. CV 18-3883 PSG (KSX), 2018 WL 5880192, at *4 (C.D. Cal. Sept. 5, 2018) (finding defendant's website listing locations where defendant's products can be purchased "is not sufficient to demonstrate a regular and established place of business" where the defendant "does not own, lease, or exercise control over any real estate in California."); *Fox Factory, Inc. v. SRAM, LLC,* No. 3:16-cv-00506-WHO, 2018 WL 317839, at *3-4 (N.D. Cal. Jan. 8, 2018) (finding independent dealers in a district do not qualify as a "regular and established place of business"); *Reflection, LLC v. Spire Collective LLC,* No. 17CV1603-GPC (BGS), 2018 WL 310184, at *2-3 (S.D. Cal. Jan. 5, 2018) (storing products in an independent distributor's warehouse and selling products in the state through a third party are not sufficient to show venue under § 1400(b)).

Thus, venue as to Dreambuilder is not proper in this District under the second prong of the patent venue statute.

### C. Plaintiff's Unfair Competition Claim Should be Dismissed for Lack of Venue

Plaintiff's claim for unfair competition also lacks proper venue in the Central

District of California. This claim is improper because it is ancillary to, and cannot be resolved without, a determination of the patent question—for which venue is lacking as discussed above. *See California Expanded Metal Prod. Co. v. Klein*, No. CV 18-242 DDP (MRWx), 2018 WL 2041955, at *2 (C.D. Cal. Apr. 30, 2018) (finding venue improper under 28 U.S.C. §1400(b) where the contract claims were "ancillary" to the patent claims).

The same court also refused to apply the pendent venue doctrine to allow consideration of contract claims when venue was clearly improper for the patent claims:

> As discussed above, the breach of contract claims cannot be resolved without first resolving the patent infringement claims. Thus, even if pendent jurisdiction is applicable in the patent context, the circumstances here do not warrant the invocation of the doctrine.

*California Expanded Metal Prods. Co.,* 2018 WL 2041955 at *2-3.

Plaintiff's Complaint alleges that Dreambuilder committed unfair competition by selling products which infringe Plaintiff's patents. *See, e.g.,* Complaint at ¶¶ 33-38. Plaintiff does not allege any other acts by Dreambuilder that would consititute unfair competition or provide an independent basis for jurisdiction. The only factual consideration for the Court regarding this claim would be whether the patents are infringed, a determination which venue in this District is improper.

Because Plaintiff's claim of unfair competition requires a determination of patent infringement, which makes the claim of unfair competition inextricably tied to the patent claim, the Court should likewise dismiss this claim based on improper venue.

## V. CONCLUSION

For the foregoing reasons Dreambuilder respectfully requests the Court dismiss all claims in the pending Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on the grounds that venue is improper.

DATED: February 7, 2022

Respectfully submitted,

LTL ATTORNEYS LLP

By /s/ *Dat Nguyen*

Dat Nguyen
LTL ATTORNEYS LLP
Dat Nguyen (Bar No. 280755)
dat.nguyen@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: 213-612-8900
Fax: 213-612-3773

DUNHAM IPLAW
Tyler Dunham (*Pro Hac Vice* Forthcoming)
(Ohio Bar No. 83897)
tdunham@dunhamiplaw.com
P.O. Box 566
Dublin, OH 43017-9998
Tel: 614-902-3913
Fax: 614-907-4155

*Attorneys for Defendant DREAMBUILDER TOY, LLC*