Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 400
Los Angeles, California 90067
Phone:         310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com

Attorneys for Plaintiff
LALTITUDE LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DREAMBUILDER TOY LLC, an Ohio limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-9324-JWH-JPR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>Hearing Date: March 18, 2022<br>Hearing Time: 9:00 A.M.<br><br>*Hon. John W. Holcomb* |

# TABLE OF CONTENTS

I.   INTRODUCTION………………………………………………………………...1

II.  BACKGROUND INFORMATION…………………………………………....3

III. MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(b)(3)………………4

IV.  DEFENDANT HAS COMMITTED ACTS OF INFRINGEMENT IN THIS DISTRICT WHERE IT HAS A REGULAR AND ESTABLISHED PLACE OF BUSINESS VIA AMAZON……………………………………………………..5

    A.   Defendant's Leased Shelf Spaces in Amazon's Warehouses Constitute a "Physical Place in the District"……………………………………………..…..5

    B.   Because Amazon Is Defendant's Agent, Defendant Has a "Regular and Established Place of Business in This District"……………………………………..6

    C.   Amazon's Warehouses Are the "Place of the Defendant" For Purposes of the Patent Venue Statute………………………………………………...…8

V.   AT A MINIMUM, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND…………………………………………………………………….8

VI.  CONCLUSION……………………………………………………………..9

# TABLE OF AUTHORITIES

**Cases**

*Chang v. Chen*,
    80 F.3d 1293 (9th Cir. 2011)……………………………………………….8

*Ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
    654 F.3d 975 (9th Cir. 2011)……………………………………………….8

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020)……………………………………2, 5, 6, 7

*In re Cordis Corp.*,
    769 F.2d 733 (Fed. Cir. 1985)……………………………………..2, 5, 6, 8

*In re Cray, Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017)…………………………………..1, 2, 5, 6, 7, 8

*Foman v. Davis*,
    371 U.S. 178 (1962)………………………………………………………..8

*King v. Russell*,
    963 F.2d 1301 (9th Cir. 1992)……………………………………………..4

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000)……………………………………………...8

*Meyer v. Holley*,
    537 U.S. 280, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003)……………………7

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004)……………………………………………...4

*Peerless Network, Inc. v. Blitz Telecom Consulting, LLC*,
    2018 U.S. Dist. LEXIS 49628 (S.D.N.Y. Mar. 26, 2018)……………….5, 6, 8

*Phillips v. Baker*,
    121 F.2d 752 (9th Cir. 1941)..................................................................6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017)………………………………….4

*Tinnus Enters., LLC v. Telebrands Corp.*,
  2018 U.S. Dist. LEXIS 79068 (E.D. Tex. Mar. 9, 2018)……………………..6

**Statutes and Other Authorities**

28 U.S.C. § 1400(b)………………………………………………………………1, 4

29 Cong. Rec. 1900 (1897)……………………………………………………….7

35 U.S.C. § 154(a)(1)…………………………………………………………….3

Cal. Civ. Code § 2304……………………………………………………….2, 7

Cal. Civ. Code § 2319……………………………………………………………7

Cal. Civ. Code § 2324……………………………………………………………7

Cal. Civ. Code § 2325……………………………………………………………7

Cal. Civ. Code § 2326……………………………………………………………7

Fed. R. Civ. P. 12(b)(3)………………………………………………………….4

Fed. R. Civ. P. Rule 15(a)(2)..…………………………………………………8

Restatement (Third) of Agency § 1.01………………………………………...2, 7

William Dwight Whitney, The Century Dictionary, 732, 5050 (Benjamin E. Smith, ed. 1911)……………………………………………………………………6

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Laltitude LLC ("Plaintiff"), which is the sole owner of two ornamental design patents for innovative magnetic bricks, respectfully files this Memorandum of Points and Authorities in Opposition to the Motion to Dismiss for Improper Venue filed by Defendant DreamBuilder Toy LLC ("Defendant"), who has intentionally and continually infringed upon Plaintiff's hard-earned intellectual property rights.

## I. INTRODUCTION

As a result of Defendant's blatant and unwavering infringement of Plaintiff's design patents, including numerous instances of infringement in this district, Plaintiff initiated the present litigation. *See* Dkt. 1. After Plaintiff filed its Complaint and served Defendant, Defendant's counsel reached out seeking an extension of time and demanding Plaintiff's counsel "file [its] approval with the court as soon as possible." *See* Decl. of Omid E. Khalifeh ("OEK Decl."), ¶ 7. Three days later, Defendant's counsel accusatorily mischaracterized its previous communications with Plaintiff's counsel, then demanded a Local Rule 7-3 meet and confer providing notice of one day prior to the deadline to hold such a conference. *Id.*, ¶¶ 8-9. Ultimately, Defendant filed the present motion to dismiss for improper venue. *See* Dkt. 21.

Venue for a claim of patent infringement is appropriate "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In this motion, Defendant maintains that it "does not have a 'regular and established place of business' in this District because it does not have any offices, property, lease for any property, or employees in this District." *See id.*, 1:22-24, 5:1-2. For purposes of the patent venue statute, the Federal Circuit has concluded that a "regular and established place of business" must be: (1) "a physical place in the district"; (2) "regular and established"; and (3) "the place of the defendant." *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Defendants'

business relationship with Amazon clearly satisfies this requirement.

Defendant has entered into an agreement with Amazon under its "Fulfillment by Amazon" (FBA) program. *See* OEK Decl., ¶¶ 4-5, Ex. A-B. Through this program, Defendant's products are stored in Amazon's warehouses, including in this district, and Amazon utilizes its logistics network to handle receiving, packing, shipping, customer service, and returns for orders of Defendant's products. *Id*. Amazon's warehouses, and particularly the shelf space occupied by Defendant's products, constitute a "physical place that defendant could 'possess[] or control'" for purposes of the patent venue statute. *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (quoting *Cray*, 871 F.3d at 1363).

Defendant's relationship with Amazon further fulfills the second prong of the Federal Circuit's test for venue. Specifically, because Amazon is Defendant's agent, and some of Defendant's products are stored in Amazon warehouses here, Defendant has a "regular and established place of business in this district." Under Amazon's FBA program, Amazon facilitates the sale and shipment of Defendant's products. *See* OEK Decl., ¶¶ 4-5, Ex. A-B. In this manner, Amazon accomplishes Defendant's objective of selling products, including to customers proximate to Amazon warehouses in this district. *See* Cal. Civ. Code § 2304; *see also* Restatement (Third) of Agency § 1.01). Amazon, therefore, acts as Defendant's agent, rendering Amazon's warehouses Defendant's "regular and established place of business" in this district.

Finally, Defendant's "regular and established place of business" in this district is the "place of the defendant." Defendant stores its goods in Amazon warehouses in this district, and such goods are also distributed and sold therefrom. *See Cray*, 871 F.3d at 1363; *see also In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985). As such, there can be little doubt that such physical, geographical location is the "place of the defendant." Moreover, Defendant has submitted no arguments to the contrary.

Taken together, Plaintiff has plausibly demonstrated that its patent

infringement claims are properly venued in the Central District of California. Defendant's Motion to Dismiss should accordingly be denied in full.

## II.    BACKGROUND INFORMATION

On April 25, 2017 and June 13, 2017, respectively, two design patents for "magnetic brick" and "single magnetic brick" were duly and lawfully issued by the United States Patent and Trademark Office. Dkt. 1, ¶ 12. Plaintiff is the owner of all rights, title, and interest in these design patents and therefore, under 35 U.S.C. § 154(a)(1), possesses the right to exclude others from making, using, offering for sale, selling, or importing into the United States the invention claimed in the patent. *Id.*, ¶¶ 1, 14.

Defendant has willfully and blatantly infringed Plaintiff's patents by offering for sale, and presumably selling, on Amazon.com, magnetic building tiles having a substantially similar, if not identical, ornamental design to that protected by Plaintiff's patents. *Id.*, ¶¶ 2, 16, 18. Defendant offers for sale its infringing, and other, products via Amazon.com's "Fulfillment by Amazon" (FBA) program, which is a service that provides businesses access to Amazon's logistics network. *See* OEK Decl., ¶¶ 4-5, Ex. A-B. Under FBA, "[b]usinesses send products to Amazon fulfillment centers and when a customer makes a purchase, [Amazon] handle[s] receiving, packing, shipping, customer service, and returns for those orders." *See id.* In this manner, Amazon acts as Defendant's agent.

Shortly after discovering Defendant's infringement of Plaintiff's patents, Plaintiff filed a takedown notice against these infringing products on Amazon.com After unsuccessfully addressing Defendant's infringement with Amazon.com directly, Plaintiff initiated the present action. *See* Dkt. 1, ¶¶ 3, 19. Defendant was properly served with notice of this suit on January 15, 2022. *See* Dkt. 16. Nearly two weeks later, with plenty of time to research and draft the appropriate responsive pleadings, Defendant's counsel emailed Plaintiff's counsel seeking an extension of time to respond to the complaint and demanding that Plaintiff's counsel "file [its]

approval with the court as soon as possible." *See* OEK Decl., ¶ 7, Ex. C.

On Saturday, January 29, 2022, two calendar days prior to the deadline to hold a Local Rule 7-3 conference, and effectively the same court day as the conference's deadline, Defendant's counsel indicated that if such an extension was not granted, it intended to file a motion. *Id.*, ¶ 8, Ex. C. Later that weekend, and again, effectively the same court day as the conference's deadline, Defendant's counsel emailed indicating that it "no longer want[ed] to pursue an extension, but would prefer [the] meeting to focus on [] plans to file a motion to dismiss for improper venue." *Id.*, ¶ 9, Ex. C. Because Defendant's counsel provided little substance upon which its then-contemplated motion would be based, Plaintiff's counsel was given no time to research or prepare for such a conference. *Id.*, Ex. C. Given Plaintiff's counsel's thirteen (13) other previously scheduled meetings for the requested day, Plaintiff's counsel was unavailable for such a conference and therefore, declined Defendant's counsel's demand to meet and confer immediately. *Id.*, ¶ 10. It is, therefore, Plaintiff's position that Defendant failed to provide adequate notice and time to meet and confer pursuant to the requirements of Local Rule 7-3. *Id.*, ¶ 11.

### III. MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(b)(3)

In patent infringement actions, venue is governed by 28 U.S.C. § 1400(b), which provides that such actions can be brought in (1) "the judicial district where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518-19, 197 L. Ed. 2d 816 (2017). Whether to dismiss for improper venue, or alternatively to transfer venue to another court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). When considering a motion to dismiss for improper venue, a court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## IV. DEFENDANT HAS COMMITTED ACTS OF INFRINGEMENT IN THIS DISTRICT WHERE IT HAS A REGULAR AND ESTABLISHED PLACE OF BUSINESS VIA AMAZON

Under the first prong of the patent venue statute, Defendant argues that it does not reside in this judicial district because it is not incorporated here, a fact which is not disputed. *See* Dkt. 21, 4:7-8. Under the second prong of the patent venue statute, Defendant apparently concedes that it has engaged in acts of infringement in this district but argues that it does not have a "regular and established place of business in this district." *See id*., 4:18-19. The Federal Circuit has held that a "regular and established place of business" must be: (1) "a physical place in the district"; (2) "regular and established"; and (3) "the place of the defendant." *Cray*, 871 F.3d at 1360. Defendants' business relationship with Amazon clearly satisfies this requirement.

### A. Defendant's Leased Shelf Spaces in Amazon's Warehouses Constitute a "Physical Place in the District"

A physical place for purposes of the patent venue statute "merely needs to be a 'physical, geographical location in the district from which the business of the defendant is carried out.'" *Google*, 949 F.3d at 1343 (quoting *Cray*, 871 F.3d at 1360); *see also Cordis*, 769 F.2d at 737 (stating that the "place" need not be a "fixed physical presence in the sense of a formal office or store"). This requirement could be satisfied by "any physical place that the defendant could 'possess[] or control.'" *Google*, 949 F.3d at 1343 (quoting *Cray*, 871 F.3d at 1363). Because Defendant operates via Amazona's FBA program, Defendant effectively possesses or controls the shelf space it leases for its products in Amazon warehouses. By the terms of its agreement with Amazon, Defendant retains control over its products by providing stock to Amazon on its timeline, setting prices, and removing products at its discretion. Further, it is immaterial whether Defendant has physically accessed or possesses exclusive control over the shelf housing its products. *Peerless Network,*

*Inc. v. Blitz Telecom Consulting, LLC*, 2018 U.S. Dist. LEXIS 49628, at *7 (S.D.N.Y. Mar. 26, 2018) (holding that because the infringing equipment occupies sixteen inches of shelf space in the facility and the defendants could access, even if it required an escort, that is sufficient for a finding that there is control over the space).

In its motion, however, Defendant misunderstands this requirement by asserting that it does not have "offices, any property, lease for any property, or employees in the Central District of California." *Id.*, 5:1-3. Indeed, the Federal Circuit has recently reiterated that "a 'place of business' is not restricted to real property that the defendant must 'own[] or lease." *Google*, 949 F.3d at 1343 (quoting *Cray*, 871 F.3d at 1363). The Federal Circuit and other district courts have agreed that the "physical place" requirement is satisfied by leased shelf, rack, or other storage space. *See Cordis*, 769 F.2d at 735, 737 (suggesting that defendant's employees' homes, which were used to store the defendant's "literature, documents and products," could constitute a "regular and established place of business"); *Tinnus Enters., LLC v. Telebrands Corp.*, 2018 U.S. Dist. LEXIS 79068, at *14 (E.D. Tex. Mar. 9, 2018); *Peerless Network v. Blitz Telecom Consulting*, at *8-9. Analogously, Defendant's leased shelf spaces in Amazon's warehouses and concomitant participation in Amazon's FBA program constitute a "physical place" in the Central District of California.

**B.     Because Amazon Is Defendant's Agent, Defendant Has a "Regular and Established Place of Business in This District"**

A business may be "regular," for example, if it operates in a 'steady, uniform, orderly, and methodical manner." *Cray*, 871 F.3d at 1363 (citing William Dwight Whitney, The Century Dictionary, 732, 5050 (Benjamin E. Smith, ed. 1911)) (alterations in original). In contrast, sporadic activity, such as where the establishment "was just a location for a particular transaction," cannot provide a basis for venue. *See id.* (quoting *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941)).

As discussed previously, Defendant stores and distributes its goods from Amazon's warehouses in this district. Such consistent activity is sufficiently permanent.

Additionally, "a 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *Google LLC*, 949 F.3d at 1345. An agency relationship exists "when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to act." *Id.* (citing Restatement (Third) of Agency § 1.01); *see also Meyer v. Holley*, 537 U.S. 280, 286, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003). The venue statute's "main purpose" was to "give original jurisdiction to the court where a permanent agency transacting the business is located," as is the case with Defendant and Amazon. *Cray*, 871 F.3d at 1361 (quoting 29 Cong. Rec. 1900 (1897) (statement of Rep. Lacey).

Defendant undoubtedly subscribes to Amazon's FBA program, under which Defendant and Amazon entered into an agreement for Amazon to facilitate the sale and shipment of Defendant's products. *See* OEK Decl., ¶¶ 4-5, Ex. A-B. An agent may be authorized to do any acts necessary in order to accomplish the objectives provided by the principal. *See* Cal. Civ. Code § 2304. Such acts may involve the sale of products, including the collecting of money, customer service, packaging, storage, and shipping. *See* Cal. Civ. Code §§ 2319, 2324-2326. Along these lines, Amazon's FBA agreement allows Defendant to retain control over the pricing of its products, the number of products, and how long these products remain in Amazon's control, while Amazon provides a customer interface and shipment of these goods to customers. *See* OEK Decl., ¶¶ 4-5, Ex. A-B. By providing these services to Defendant, Amazon accomplishes Defendant's objective of selling products. Amazon, therefore, acts as Defendant's agent, rendering Amazon's warehouses a "regular and established place of business" in this district.

### C. Amazon's Warehouses Are the "Place of the Defendant" For Purposes of the Patent Venue Statute

Finally, a venue determination requires that "the regular and established place of business" must be "the place of the defendant." *Cray*, 871 F.3d at 1363. "The place of the defendant" is broadly construed such that said "place" could include as little as sixteen inches of shelf space. *Peerless Network,* at *7. The fact that a shelf is figuratively land-locked inside the facility of another, such that access will only be granted under supervision, does not remove it from being the place of the defendant. *Id.* The Federal Circuit has recognized that storing materials at a place in the district so that such materials can be distributed or sold from that place is a relevant consideration. *See Cray*, 871 F.3d at 1363; *see also Cordis*, 769 F.2d at 735. In this manner, there is little doubt that Defendant's products are not only stored at Amazon's warehouses in this district but they are also sold and distributed therefrom. As such, there is an actual place of Defendant in this district.

### V. AT A MINIMUM, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

In the event the Court grants this motion, Plaintiff should be permitted leave to amend the Complaint to properly plead venue. Rule 15(a)(2) has liberal standards regarding the Court's discretion to grant leave to amend. *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) provides that "[t]he court should freely grant leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). This policy is to be applied with "extreme liberality." *C.f. Ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *see also Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 2011) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Therefore, Plaintiff respectfully submits that should this Court find

the pleadings inadequate, Plaintiff should be granted leave to amend the Complaint to satisfy the venue standard.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint adequately pleads the Central District of California as a proper venue for this action. Accordingly, Defendant's Motion to Dismiss should be denied. If the Court does not find that Plaintiff plausibly averred venue, Plaintiff respectfully requests leave to amend its Complaint.

RESPECTFULLY SUBMITTED this 25th day of February, 2022.

**OMNI LEGAL GROUP**

Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
LALTITUDE LLC