UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

JS-6

| Case No. | 2:21-cv-09324-JWH-JPRx | Date | April 6, 2022 |
|---|---|---|---|
| Title | *Laltitude, LLC v. Dreambuilder Toy, LLC, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF No. 21] (IN CHAMBERS)**

Before the Court is the motion of Defendant Dreambuilder Toy, LLC to dismiss the complaint of Plaintiff Laltitude, LLC for improper venue.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, as set forth herein.

## I.    BACKGROUND

Laltitude is a California limited liability company that owns two design patents that claim ornamental designs for magnetic bricks.[3] Laltitude accuses

---

[1]    Def.'s Mot. to Dismiss (the "Motion") [ECF No. 21].

[2]    The Court considered: (1) Compl. (the "Complaint") [ECF No. 1]; (2) the Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (the "Opposition") (including its attachments) [ECF No. 23]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") (including its attachment) [ECF No. 24].

[3]    *See* Complaint ¶ 1.

Dreambuilder of infringing its patents.[4]  Laltitude filed its Complaint commencing this action in December 2021.  Two months later, Dreambuilder filed the instant Motion, through which it asks the Court to dismiss this case for improper venue.  The Motion is fully briefed.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court may dismiss a case for improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  When a defendant files a motion to dismiss for improper venue, the plaintiff has the burden of proving that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  In deciding a Rule 12(b)(3) motion, the court may consider facts outside the pleadings, and it need not accept the allegations in the plaintiff's pleading as true.  *See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  If contested factual issues arise, the court is obligated to draw all reasonable inferences and to resolve the factual conflicts in favor of the non-moving party or, alternately, the court may conduct an evidentiary hearing to resolve the disputed facts.  *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138–39 (9th Cir. 2004).

## III.     DISCUSSION

Dreambuilder asserts that venue is improper because:  (1) it does not reside in this judicial district; and (2) it does not have a regular and established place of business in this judicial district.[5]  Laltitude disagrees, arguing that Dreambuilder's relationship with Amazon and Amazon's fulfillment centers in this judicial district satisfies the venue requirements.[6]

The Court notes at the outset that Laltitude's Complaint pleads the wrong venue statute.[7]  Venue for a patent infringement case is governed by 28 U.S.C. § 1400(b), not 28 U.S.C. §§ 1391(b) & (c).  Dreambuilder emphasizes Laltitude's error in its Motion.[8]  For its part, in its Opposition Laltitude accepts that 28 U.S.C.

---

[4]     *Id.* at ¶ 2.

[5]     Motion 4:5-6.

[6]     *See generally* Opposition

[7]     Complaint at ¶ 11.

[8]     *See* Motion 3:22-28.

§ 1400(b) governs, but it pretends that it never cited the wrong statute in its Complaint.[9]

The Supreme Court and the Federal Circuit have "cautioned against a broad reading of [28 U.S.C. § 1400(b)]." *In re Google LLC*, 949 F.3d 1338, 1346 (Fed. Cir. 2020) (citing *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017); *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566 (1942); and *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961)).  In enacting the venue statute, Congress chose "to restrict venue to where the defendant resides or is conducting business at a regular and established place of business, with agents there regularly conducting that business . . . ." *Id.* at 1347.

Under the venue statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  "[T]here are three general requirements to establishing that the defendant has a regular and established place of business: '(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.'" *Google*, 949 F.3d at 1343 (quoting *Cray*, 871 F.3d at 1360).  Because the Court finds that Laltitude fails to establish the first requirement, it need not address the other two.

Under the venue statute, "leased shelf space or rack space can serve as a 'place . . . .'" *Id.* at 1344.  Here, Laltitude argues that Dreambuilder's leased shelf spaces in Amazon's warehouses constitute a "physical place in the district."[10] That argument fails.  Laltitude asserts that Dreambuilder "effectively possesses or controls the shelf space it leases for its products in the Amazon warehouses[,]"[11] but it provides no admissible evidence to support that assertion.  Dreambuilder, in contrast, cites the contract governing its relationship with Amazon.[12]  That contract does not support Laltitude's contention that Dreambuilder leases shelf

---

[9] *See* Opposition 1:20-25.

[10] *Id.* at 5:14-15.

[11] *Id.* at 5:23-24.

[12] *See, e.g.*, Reply 4:14-6:3.  For the contract, *see* Decl. of Omid Khalifeh in Supp. of the Opposition (the "Khalifeh Declaration") [ECF No. 23-1] ¶¶ 4 & 5; Khalifeh Declaration, Exs. A & B [ECF No. 23-2].

space from Amazon.[13]  Indeed, that contract provides that Dreambuilder has ***no right to control, inspect, or possess*** the space.[14]

Laltitude has provided no evidence that Dreambuilder has a "physical place" in this District, and it fails to satisfy the first requirement of the *Cray* test. *See Cray*, 871 F.3d at 1360.  Accordingly, the Court finds that this judicial district is not the proper venue for this case.  *See also Reflection, LLC v. Spire Collective LLC*, 2018 WL 310184, at *4 (S.D. Cal. Jan. 5, 2018) (granting a motion to dismiss for improper venue and rejecting plaintiff's argument that Amazon Fulfillment Centers are the physical place of the defendant).

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Dreambuilder's Motion is **GRANTED**.

2. Laltitude's Complaint is **DISMISSED** for improper venue.

3. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

---

[13]   *Id.*

[14]   *Id.*